UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC W. SPAULDING,

    Plaintiff,

v.                                            Case No.:   2:20-cv-183-FtM-38MRM

DONALD SAWYER, Facility Administrator, JON PAUL CARNER, Facility Security Director, DANIELLE L. BREWER, County Judge, MARK SNYDER, Facility Investigator, DOTTY RIDDLE, Facility Grievance Examiner, and GENNA MARX BRISSON, Vice President, Operations & Contract Administration,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Eric Spaulding's *pro se* Amended Complaint filed under 42 U.S.C. § 1983 on July 1, 2020. (Doc. 14). The Amended Complaint attaches various exhibits. (Doc. 14-1 to 14-12). Spaulding seeks to proceed *in forma pauperis* (Doc. 2). The Court dismisses this action finding the Amended Complaint does not state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## **BACKGROUND**

Spaulding is civilly committed to the Florida Civil Commitment Center ("FCCC") under the Sexual Violent Predators Act, Fla. Stat. §§ 394.910–.913, by which a person

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

determined to be a sexually violent predator must be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2).  The Amended Complaint names: Donald Sawyer, Facility Administrator of the FCCC; Jon Paul Carner, Security Director of the FCCC; Danielle L. Brewer, County Court Judge; Mark Snyder, Facility Investigator at the FCCC; Dotty Riddle, Grievance Examiner at the FCCC; and Genna Marx Brisson, Vice President of Operations and Contract Administration, as Defendants.  The Amended Complaint generally alleges violations of the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  (Doc. 14 at 6).

The Amended Complaint sets forth these facts, which the Court assumes are true at this stage of the proceedings.  On August 15, 2019, two unidentified "Custody Officers" searched Spaulding's bunk area and seized his X-Box 360 and Blu-Ray DVD player because he had not obtained the appropriate "care level" to have the seized items.  Approximately two weeks later, Spaulding had a hearing on the violation and was found guilty of possession of unauthorized items.  On January 8, 2020, after obtaining the appropriate "care level," Spaulding sought the return of his X-Box but Defendant Snyder told him he could not return the item because two prohibited games had been installed on the device.  Spaulding filed a grievance and, citing to Defendant Judge Brewer's previous ruling in favor of the FCCC's electronic contraband policy  (*see* Doc. 14-8), Defendant Carner responded to the grievance and told Spaulding his failure to report the contraband prevented the return of the X-Box.  Spaulding filed a grievance with Defendant Sawyer, who also denied the grievance based on Judge Brewer's previous decision.

Spaulding's appeal of Sawyer's denial of his grievance was denied by Defendant Brisson. As relief, Spaulding asks the Court to impose permanent injunctions against the intentional infliction of emotional distress ("IIED") and "unlawful Censorship/Viewpoint Discrimination," order Defendants to pay $1,000 each for their involvement, order Judge Brewer to rescind her Order entered in a similar case (Doc. 14-8), and order the FCCC to return his seized property.

## LEGAL STANDARD

Because Spaulding seeks to proceed *in forma pauperis*, the Court is to review the complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Although Spaulding is considered a non-prisoner due to his civil commitment status, he is still subject to § 1915(e)(2). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no error in the district court's dismissal of [a non-prisoner's] complaint" under § 1915(e)(2)).

The standard that governs dismissals under 12(b)(6) applies to dismissals under § 1915 (e)(2)(B)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *Id.* The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. Setting forth "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" is not enough to meet the plausibility standard. *Id.* at 555. But the Court must read a *pro se* plaintiff's complaint in a liberal fashion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the defendant(s) deprived him of a right secured under the United States Constitution or federal law, and (2) the deprivation occurred under color or state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). Plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Swint v. City of Wadley*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

## DISCUSSION

### A. Named Defendants

Spaulding names the Honorable Danielle Brewer, a county judge in the Twelfth Circuit, as a Defendant. (Doc. 14). Spaulding asks the Court to reverse Judge Brewer's ruling in a similar case (Doc. 14-8) and order Judge Brewer to pay him $1000.00 in damages. (Doc. 14 at 9). Even assuming Plaintiff has standing to challenge Judge Brewer's ruling (not conceded), this Court does not sit as an appellate court over state court rulings. Precedent also makes clear judges are generally immune from a suit for money damages. See, *e.g.*, *Forrester v. White*, 484 U.S. 219 (1988); *Cleavinger v.*

*Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980); *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). "It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).

Besides immunity from damages, judicial immunity cloaks a judge with immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Judicial immunity is only overcome in two sets of circumstances. Judges are not immune from liability for nonjudicial actions. *Forrester*, 484 U.S. at 227–29; *Stump*, 435 U.S. at 360. Judge are not immune for judicial actions taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57; *Bradley*, 80 U.S. at 351. Neither circumstance is present here. The Amended Complaint is dismissed with prejudice as to Judge Brewer.

Plaintiff appears to attribute liability to the remaining defendants because they participated in the grievance process. Because Spaulding does not have constitutionally-protected liberty interest in a grievance procedure, defendants involvement in the grievance process do not rise to a constitutional claim. *Thomas v. Warner,* 237 F. App'x 435, 438 (11th Cir. 2007) (citations omitted). Thus, the Court further finds the Amended Complaint fails to allege an affirmative causal connection between the conduct of the named FCCC officials and any alleged Constitutional deprivation. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362 (1976).

5

**B. Constitutional Claims**

Liberally construing the Amended Complaint, it appears Spaulding is attempting to claim a due process violation stemming from FCC's officials' seizure of his device and/or the officials' failure to return the device. Because Spaulding is civilly confined and not a prisoner, his rights emanate from the Fourteenth Amendment and not the Eighth. *See Youngberg v. Romeo*, 457 U.S. 307, 312 (1982). Under the Fourteenth Amendment, the State may not "deprive any person of life, liberty, or property, without due process of law[.]" Thus, "a § 1983 claim alleging a denial of procedural due process, requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

To have a property interest, Spaulding must demonstrate "more than an abstract need or desire for it . . . . He must, instead, have a legitimate claim of entitlement to it" under state or federal law. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Spaulding does not dispute that the two prohibited games were installed on his X-Box. And, because FCCC officials deemed the property contraband, Spaulding had no property interest in the seized items. *See Weems v. St. Lawrence*, 2009 WL 2422795 *4, n.6 (S.D. Ga. 2009); *see also Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006); *Lyon v. Ferrier*, 730 F.2d 525 (8th Cir. 1984); *Kimble v. Michigan Dep't of Corr.*, 411 F.2d. 990, 991 (6th Cir. 1969). Further, Spaulding's Amended Complaint is unclear as to whether he has been deprived of ownership or mere possession. *Weems*, 2009 WL 2422795 *4. Similar to *Weems*, Spaulding does not allege that FCCC officials

6

confiscated and destroyed his personal property under an established state procedure. In fact, the exhibits attached to the Amended Complaint suggest Spaulding was provided the opportunity to have his device sent out to someone. *See* (Doc. 14-5).

Even if Spaulding could demonstrate a property interest in the seized items, he cannot show the third element required for a procedural due process claim because the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Spaulding cannot allege an inadequate post-deprivation process because he was notified of the charges against him, had a hearing, filed a grievance, and appealed the response to his grievance. (Doc. 14 at 6–7; Doc. 14-1, 14-2, 14-5, 14-6 and 14-11). Furthermore, a claim regarding any loss or destruction of his personal property may be raised in a tort action under Florida state law. *See* Fla. Stat, Section 768.28 (1987). The Court finds that Spaulding has failed to state a claim under the Fourteenth Amendment.

Nor does the Amended Complaint articulate a Fourth Amendment claim because the FCCC may search the bunk areas of its residents to enforce compliance with the electronic media policy. The United States Supreme Court has determined that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer,* 468 U.S. 517, 527–28 (1984). Although not a "prisoner," Spaulding has been involuntarily confined to a "secure facility" under the SVP Act upon a probable cause determination he meets the statutory definition of a

sexually violent predator, due to his previous state conviction for a sexually violent offense. *See* Fla. Stat. § 394.910. The same concerns raised in *Hudson* are at issue here. *See generally Hudson*, 468 U.S. at 526–28 (discussing security concerns in place of involuntary confinement); *Pesci,* 730 F.3d at 1299 (comparing civil commitment detention center facilities to the prison context and recognizing FCCC officials are better equipped than the courts to operate the facility). Thus, the dormitory room to which Spaulding is assigned at the FCCC, albeit not a cell, is not protected by the Fourth Amendment. *Id.* at 517. Spaulding cannot reasonably argue that he has a legitimate "expectation of privacy" in his FCCC dormitory. Therefore, it is not a constitutional violation for the defendants to search Spaulding's dormitory. *Shaarbay v. Palm Beach County Jail,* 350 F. App'x 359, 362 (11th Cir. 2009) (citing *Padgett v. Donald,* 401 F.3d 1273, 1278 (11th Cir. 2005) (citing *Hudson,* 468 U.S. at 525–26); *see also Pesci v. Budz,* Case No. 2:12–cv–227–FtM–29SPC, 2012 WL 4856746, *6 (M.D. Fla. Oct. 12, 2012) (dismissing claim stemming from search in dormitory at FCCC *sua sponte*).

This Court has determined that a blanket prohibition against searches of a FCCC resident's living area inherently contradicts the facility's needs of ensuring security and implementing rules and regulations. *See Marsh v. Dep't of Children & Families*, Case No. 2:03–cv–162–FtM–29SPC, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006), *aff'd other grounds*, 259 F. App'x. 201 (11th Cir. 2007) (finding FCCC resident has no Fourth Amendment right to protections from searches in his FCCC room); *see also Block v. Rutherford*, 468 U.S. 576 (1984). Other courts confronted with the same issue have agreed with this Court. *Belton v. Singer*, Case No. 10–6462, 2011 WL 2690595 (D.N.J. July 8, 2011); *Banda v. Corzine*, Case No. 07–4508–(WJM), 2007 WL 3243917 (D.N.J.

Nov. 1, 2007); *Riley v. Doyle*, Case No. 06–C–574–C, 2006 WL 2947453 (W.D. Wis. Oct. 16, 2006).

Finally, the Amended Complaint does not challenge the FCCC policy governing contraband on electronic devices. Even if it did, the Amended Complaint fails to allege sufficient facts to establish a causal connection between the FCCC's conduct and the deprivation of a First Amendment right, or otherwise demonstrate that the *Turner*[2] factors weigh in his favor. See *Pesci v. Budz*, 730 F.3d 1291, 1297 (11th Cir. 2013) (applying a "modified *Turner*" standard by which to analyze First Amendment claims arising at the FCCC and noting minor modifications in the *Turner* test because FCCC residents are not "criminally" confined but encounter similar security concerns).

Accordingly, it is now **ORDERED:**

(1) Plaintiff Spaulding's Amended Complaint (Doc. 14) is **DISMISSED with prejudice as to Defendant Judge Brewer and DISMISSED without prejudice as the remaining defendants.**

(2) The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE and ORDERED** in Fort Myers, Florida on this 14th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

---

[2] Under the *Turner* test, courts evaluating a claim should consider the following factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the residents; (3) whether, and the extent to which, accommodation of the asserted right will have an impact on facility staff, other residents, and the allocation of the facility's resources generally; and, (4) whether the regulation represents an "exaggerated response" to the facility's concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987).